UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AMAR BELL,

                              Plaintiff,

        v.                                            9:17-CV-0850
                                                           (DNH/ATB)

J. NAPOLI, Correction Officer, Marcy
Correctional Facility, A. FARINA,
Correction Officer, Marcy Correctional
Facility, R. RUGARI, Correction Officer,
Marcy Correctional Facility, and M.
MUSIC, Correction Officer, Marcy
Correctional Facility,

                              Defendants.

---

APPEARANCES:

AMAR BELL
Plaintiff, pro se
14-A-0849
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

DAVID N. HURD
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

       Plaintiff Amar Bell ("Bell" or "plaintiff") commenced this action pro se in August 2017, asserting claims pursuant to 42 U.S.C. § 1983 for the violation of his constitutional rights. Dkt. No. 1 ("Compl.").[1] Plaintiff timely paid the filing fee in full and has not requested

---

[1] Since 2001, plaintiff has filed twelve civil actions in the district courts comprising the Second Circuit. *See* http://pacer.uspci.uscourts.gov.

leave to proceed with this action in forma pauperis ("IFP").[2]

## II. **SUFFICIENCY OF THE COMPLAINT**

### A. **Standard of Review**

In accordance with the provisions of 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond" *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine whether the plaintiff may properly proceed with this action.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe

---

[2] As a result, the inmate authorization form submitted by plaintiff, Dkt. No. 3, is of no force and effect and is hereby stricken from the docket.

2

the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Summary of the Complaint

Bell's complaint asserts claims arising out of his confinement at Marcy Correctional Facility ("Marcy C.F.") in April 2017. The following facts are set forth as alleged in the complaint.

On April 4, 2017, an extraction team was sent to Bell's cell in order to remove him and take him to the "RCTP." Compl. at 4. After chemical agents were applied, plaintiff placed his hands through the feed-up port to be handcuffed. *Id*. Plaintiff was handcuffed from behind by C.O. Farina and C.O. Rugari. *Id*. C.O. Rugari and C.O. Napoli then pulled plaintiff's hands through the feed-up port with unnecessary force, inflicting severe pain and causing the cuffs to cut plaintiff's wrist. *Id*. When the cell door was opened, plaintiff was lifted off of the ground and slammed into the wall by C.O. Napoli. *Id*. Plaintiff was thrown to the ground and assaulted by C.O. Rugari, C.O. Farina, and C.O. Napoli. *Id*. at 4-5.

Based upon the foregoing, Bell asserts claims for the violation of his rights protected under the Eighth Amendment. Compl. at 5. In addition to C.O. Rugari, C.O. Farina, and C.O. Napoli, the complaint names C.O. Music as a defendant. *Id*. at 1-2. Plaintiff seeks an

award of damages. *Id*. at 6. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Analysis

Bell seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which "provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, No. 95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "[Section 1983] is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights.").

The personal involvement of a defendant is a prerequisite for the assessment of liability in a Section 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), and the doctrine of respondeat superior is inapplicable to these claims. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

Bell's complaint identifies C.O. Music as a defendant. Compl. at 1-2. However, plaintiff fails to allege any act or omission by C.O. Music or this individual's involvement in any alleged violation of plaintiff's rights. In fact, C.O. Music is mentioned only in the caption and the "Parties" section of the complaint. *Id*.

"Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007); *see also Fedele v. Harris*, 69 F. Supp.3d 313, 320 (N.D.N.Y. 2014). Based upon the foregoing, the complaint is dismissed without prejudice as against C.O. Music for failure to state a claim upon which

relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

However, mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), a response to Bell's complaint from defendants C.O. Napoli, C.O. Farina, and C.O. Rugari will be required. In so ruling, no opinion is expressed as to whether plaintiff's claims can withstand a properly filed dispositive motion.

### III. **SERVICE OF PROCESS**

Where a plaintiff has been authorized to proceed IFP pursuant to 28 U.S.C. § 1915, the U.S. Marshals Service is appointed to effect service of process of the summons and complaint on his behalf. *See* 28 U.S.C. § 1915(d) ("[T]he officers of the court shall issue and serve all process and perform all duties in [IFP] cases."). Here, however, Bell paid the filing fee and has not requested leave to proceed IFP. Accordingly, he retains responsibility for serving the summons and complaint on the defendants.

In the alternative, Bell is free to submit a signed and completed IFP application which has been certified by an appropriate official at his current facility to the Court for consideration in accordance with 28 U.S.C. § 1915. Consideration of a request for IFP status requires a determination whether plaintiff has demonstrated sufficient economic need and, in addition, whether the "three strikes" provision of Section 1915(g) bars plaintiff from proceeding IFP. If such an IFP application is granted, the U.S. Marshals will be directed to effect service of process on plaintiff's behalf.

However, if Bell is *not* indigent or otherwise elects *not* to seek IFP status, in light of the fact that he is incarcerated and proceeding pro se, and in order to advance the disposition of this action, plaintiff may request an order of this Court directing service by the U.S. Marshal

5

in accordance with Rule 4(c) of the Federal Rules of Civil Procedure, which provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

Importantly, though, if Bell elects this route he must pay the service fee to the U.S. Marshal in full in advance by money order or certified check. Payment in cash or by personal check is not acceptable. For service by mail, the fee is $8.00 per summons and complaint.

Bell is also advised that, if initial service is unsuccessful, he will be required to pay the U.S. Marshal any additional fee, also in advance, for subsequent service attempts according to the fee schedule set by the U.S. Marshal. **The cost to plaintiff for initial service on the three defendants is $24.00.**

## IV. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1. Because the filing fee has been paid in full, the inmate authorization (Dkt. No. 3) submitted by plaintiff is of no force and effect and is hereby **STRICKEN** from the docket;

2. The complaint is **DISMISSED without prejudice** as against C.O. Music for failure to state a claim upon which relief may be granted;

3. The Clerk of the Court shall terminate C.O. Music as a defendant in this action;

4. Plaintiff is afforded an opportunity to either (i) submit a completed and signed IFP application which has been certified by an appropriate official at his facility; or (ii) request an order of this Court directing service by the U.S. Marshal and provide payment of the service fee to the U.S. Marshal in full by money order or certified check;

5. Upon plaintiff's submission of an IFP application or request for assistance with

service of process, the Clerk shall return the file to the Court for consideration;

6. If plaintiff does not submit an IFP application or a request for assistance with service of process **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall issue summonses and forward them to plaintiff, who shall be responsible for effecting service of process on the defendants;

7. Upon issuance of the summons, the Clerk shall send a copy of the summons and complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order;

8. A formal response to plaintiff's complaint shall be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process;

9. All pleadings, motions and other documents relating to this action shall bear the case number assigned to this action and shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

10. Plaintiff shall comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action;

11. Motions must comply with Local Rule 7.1 of the Northern District of New York; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court;

12. **Plaintiff must promptly notify the Clerk's Office and opposing counsel (in writing) of any change in his address; his failure to do so may result in the dismissal of this action**; and

13. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: September 18, 2017
Utica, New York.

_____
United States District Judge